COMMERCIAL CREDIT CORPORATION, Plaintiff, v. FRANK BYERLY and WILLIAM H. LINFORD, Defendants.

Supreme Court, Erie County, May 27, 1927.

Bills and notes — indorser — note was given by purchaser of automobile and in turn assigned to plaintiff, which sold automobile at private sale on default of purchaser and indorser (Pers. Prop. Law, § 80-c) — action remitted to trial court to determine whether or not indorser consented to sale (Neg. Inst. Law, § 201).

This is an appeal from a judgment for the balance of a promissory note against the defendant indorser. It appears that the note was given by the purchaser of an automobile and in turn assigned to plaintiff, which sold the car at a private sale after the purchaser's default and indorser's refusal to honor his

indorsement. The indorser urges that plaintiff, by omitting to sell the automobile at a public sale, relieved the purchaser and maker of the note from all obligations thereon. (Pers. Prop. Law, § 80-c), and also discharged him. Since the act discharging the maker of the note seems to have been established, the action must be remitted to the trial court for a new trial so that it may be determined whether the indorser consented to the sale or is entitled to be discharged within the contemplation of section 201 of the Negotiable Instruments Law.

APPEAL from a judgment of the City Court of Buffalo in favor of plaintiff against the defendant Linford.

*Buecking & Sengbusch,* for the plaintiff.

*Adon W. Crosby,* for the defendant Linford.

HORTON, J. The plaintiff purchased from Linford a note and conditional sale contract which had been given to Linford by the defendant Byerly when Byerly purchased a car from Linford. At the time the plaintiff took the note and contract it paid Linford for the same and took his indorsement of the note with a waiver of presentment, protest and notice of protest. Upon default by Byerly upon his contract the plaintiff took back the car and requested the defendant Linford to honor his indorsement upon the note. This Linford did not do but offered instead to bring possible purchasers to the plaintiff who might purchase Byerly's car. Plaintiff refused this offer and proceeded to sell the car at private sale for fifty dollars and to sue the maker and indorser of the note for the balance.

The defendant Linford urges upon this appeal that plaintiff, by omitting to sell the car at public sale, discharged Byerly, the vendee and maker of the note, from all obligations (Pers. Prop. Law, § 80-c, as added by Laws of 1922, chap. 642); and that, therefore, Linford, the indorser of the note, was also discharged.

There is no question that any act discharging the maker of a negotiable instrument discharges the indorser unless the latter consents or rights against him are expressly reserved. (Neg. Inst. Law, § 201.)

The act discharging the maker of the note in this case seems to have been established, but there is no evidence bearing upon any consent by the defendant or reservation of rights against him by plaintiff. The action should, therefore, be sent back to the City Court of Buffalo for a new trial.

New trial granted, with costs to abide event.